UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EA   07CV906
                                    JUDGE NORDBERG
                                    MAGISTRATE JUDGE SCHENKIER

RAYMOND MOORE,         )
                       )
            Plaintiff, )     FILED
                       )
v.                     )
                       )     FEB 15 2007
VITAL PRODUCTS, INC.,  )     02-15-07
                       )   MICHAEL W. DOBBINS
            Defendant. )   CLERK, U.S. DISTRICT COURT

## COMPLAINT OF EMPLOYMENT DISCRIMINATION
## WITH PENDENT STATE CLAIM

Plaintiff, RAYMOND MOORE, by and through his attorneys, ARNOLD and KADJAN and L. STEVEN PLATT complaining against defendant VITAL PRODUCTS INC., states as follows:

1. Jurisdiction of this cause arises under Title VII, of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-(5), 20000e-5(g), 2000e-5(g)(2)(A), 2000e-5(k)2000e-6(a) as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981A, *et seq.*

2. Jurisdiction arises under 28 U.S.C. § 1337, which together with 42 U.S.C. §§ 2000e-5(g), and 1981A, *et seq.* gives this court the power to enforce the provisions of Title VII of the Civil Rights Act of 1964 and the Federal Rules of Civil Procedure.

3. Jurisdiction of this cause also arises under 28 U.S.C. § 1343(4).

4. Injunctive and declaratory relief is sought under, under 42 U.S.C. § 2000e-5(g), 28 U.S.C. §§ 2201, 2202 and Fed.R.Civ.P.19 and 65.

5. Venue is proper in this judicial district in that all acts relevant to this suit occurred in this judicial district. 29 U.S.C. §1391(b).

- 1 -

6. Venue is also proper in that the Defendant is an incorporated business doing business in this judicial district within the meaning of 29 U.S.C. § 1391(c).

7. Subject matter jurisdiction is conferred on this court pursuant to 29 U.S.C. § 1331 and 42 U.S.C. §§ 2000e-(a), 2000e-2(e), 2000e-3(a), and 2000e-5(b), as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981A, *et seq*.

8. Plaintiff asks this court to exercise its pendent jurisdiction over Plaintiff's wrongful/retaliatory discharge claim under the Illinois Workers Compensation Act, 820 ILCS 310/4(h), pursuant to 28 U.S.C.S. § 1367(c)(3)

9. Defendant, at all times relevant, employed more than fifteen (15) individuals as defined by 42 U.S.C. § 2000e(b).

10. Defendant, at all times relevant, has been engaged in an industry affecting commerce as defined by 42 U.S.C. § 2000e (b).

11. Plaintiff, at all times relevant, was and is an aggrieved person as defined by Title VII, 42 U.S.C. §2000e-5(b).

12. Defendant is an employer as defined by Title VII, 42 U.S.C. §§ 2000e (b), 2000e-2(a).

13. Plaintiff seeks all back pay and fringe benefits to which he is entitled under 42 U.S.C. § 2000e-5(g), as well as reinstatement pursuant to 42 U.S.C. § 2000e-5(g), 28 U.S.C. §§ 2201, 2202 or alternatively, future wages and fringe benefits pursuant to 42 U.S.C. § 2000e-5(g), 28 U.S.C. §§ 2201, 2202, until he is made whole as required by the remedies section of Title VII.

14. Plaintiff seeks compensatory and/or punitive damages pursuant to 42 U.S.C. § 1981a, in an amount to be determined by a jury of his peers.

15. Plaintiff seeks an order awarding his pre-judgment and post-judgment interest on any judgment obtained in this matter if any, as determined by this court at the time of trial, pursuant to 28 U.S.C. § 1961.

16. Plaintiff seeks attorneys' fees and expert witness fees pursuant to 29 U.S.C. § l920 and Fed.R.Civ.P. 54(d), 42 U.S.C. § 2000e-5(k) and 42 U.S.C. § 1988.

17. Plaintiff also demands a jury trial as to all claims properly tried to a jury pursuant to 42 U.S.C. § 1881(a) (c) (1) and pursuant to 28 U.S.C.S. § 1367(c) (3).

18. Plaintiff seeks his costs associated with bringing this action pursuant to 28 U.S.C. § 1920 and Fed.R.Civ.P. 54(d).

19. All jurisdictional prerequisites have been met pursuant to 42 U.S.C. § 2000e-5, to-wit:

    a. charges of discrimination (attached hereto as Exhibit A) based on race discrimination, race harassment, hostile work environment based on race and gender, sex discrimination, sexual harassment based on gender and retaliation were filed with the Equal Employment Opportunities Commission (EEOC) within 300 days of the date of the last acts of discrimination occurred and were on-going.

    b. the EEOC has issued a right to sue letter; and

    c. the right-to-sue letter was issued on or before November 28, 2006 and this Complaint is being filed within ninety-days (90-days) of the receipt of the same.

## COUNT I

## SEX DISCRIMINATION AND SEXUAL HARASSMENT BASED ON GENDER (MALE) IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991

20. Plaintiff adopts and realleges all relevant allegations contained in ¶¶ 1- 19 above and reiterate the same as if fully set forth herein.

21. The acts complained of by Plaintiff against Defendant based on gender including sex harassment and hostile work environment based on sex in Exh. A, were engaged in by Defendant in violation of Title VII as more fully set forth herein.

22. Defendant is vicariously liable because the acts engaged in were engaged in by management.

23. Alternatively, Defendant is liable as negligent because it had actual knowledge of the acts of harassment complained of but failed to take prompt remedial action in response thereto.

24. Defendant does not have a proven and effective policy against sex harassment.

25. Plaintiff was terminated on or about February 15, 2005, as a result of his not acceding to or permitting the sexual harassment and hostile work environment more fully described in Exh. A.

26. As a direct result thereof, plaintiff has suffered and continues to suffer pecuniary losses.

WHISEFORE, Plaintiff prays for the following relief:

a. an order enjoining Defendant from engaging in further acts of discrimination against the Plaintiff pursuant to 28 U.S.C. §§ 2001, 2002, Fed.R.Civ.P.19 and 42 U.S.C. § 2000e-5(g);

b. an order making the Plaintiff whole by awarding his front pay in an amount deemed appropriate by this Court, or alternatively ordering Defendant to reinstate Plaintiff to his former position or a position comparable thereto pursuant to 28 U.S.C. §§ 2001, 2002, Fed.R.Civ.P.19 and 42 U.S.C. § 2000e-5(g);

c. an order awarding Plaintiff back pay (including fringe benefits) from the date of the discriminatory acts alleged through the date of trial pursuant to 42 U.S.C. § 2000e-5(g);

d. an order awarding Plaintiff compensatory and/or punitive damages in an amount determined at trial, pursuant to 42 U.S.C. § 1981A;

e. an order awarding Plaintiff prejudgment and post-judgment interest in an amount and at a rate to be determined at the time of trial pursuant to 28 U.S.C. § 1961;

f. an order awarding Plaintiff all attorneys' fees, expert witness fees and costs of this action pursuant to 29 U.S.C. § 1920, Fed.R.Civ.P. 54(d), 42 U.S.C. § 2000e-5(k)(1) and 42 U.S.C. § 1988; and

g. an order awarding Plaintiff such other and further relief as this Court deems fit.

## COUNT II

### DISCRIMINATION BASED ON RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991

27. Plaintiff adopts and realleges all relevant allegations contained in ¶¶ 1- 19 above and reiterate the same as if fully set forth herein.

28. Plaintiff alleges that he was discriminated against based on his race (black) as more fully set forth in Exh. A.

29. As an alternative to County I, Plaintiff alleges that he was terminated on or about February 15, 2005, because of his race as more fully described in Exh. A.

30. As a direct and proximate result thereof, plaintiff has suffered pecuniary losses.

WHISEFORE, Plaintiff prays for the following relief:

a. an order enjoining Defendant from engaging in further acts of discrimination against the Plaintiff pursuant to 28 U.S.C. §§ 2001, 2002, Fed.R.Civ.P.19 and 42 U.S.C. § 2000e-5(g);

b. an order making the Plaintiff whole by awarding his front pay in an amount deemed appropriate by this Court, or alternatively ordering Defendant to reinstate Plaintiff to his former position or a position comparable thereto pursuant to 28 U.S.C. §§ 2001, 2002, Fed.R.Civ.P.19 and 42 U.S.C. § 2000e-5(g);

c. an order awarding Plaintiff back pay (including fringe benefits) from the date of the discriminatory acts alleged through the date of trial pursuant to 42 U.S.C. § 2000e-5(g);

d. an order awarding Plaintiff compensatory and/or punitive damages in an amount determined at trial, pursuant to 42 U.S.C. § 1981A;

e. an order awarding Plaintiff prejudgment and post-judgment interest in an amount and at a rate to be determined at the time of trial pursuant to 28 U.S.C. § 1961;

f. an order awarding Plaintiff all attorneys' fees, expert witness fees and costs of this action pursuant to 29 U.S.C. § 1920, Fed.R.Civ.P. 54(d), 42 U.S.C. § 2000e-5(k)(1) and 42 U.S.C. § 1988; and

g. an order awarding Plaintiff such other and further relief as this Court deems fit.

## COUNT III

### RETALIATION IN VIOLATION OF THE PARTICIPATION AND OPPOSITION CLAUSES OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991

31. Plaintiff adopts and realleges all relevant allegations contained in ¶¶ 1- 30 above and reiterate the same as if fully set forth herein.

32. Plaintiff complained of the acts pf discrimination and sexual harassment under Title VII, as more fully described above, to Defendant's Operations Manager, William Buzogany, in writing on August, 30, 2004, September 6, 2004, September 13, 2004, September 20, 2004 and October 31, 2004.

33. Thereafter, Defendant retaliated against Plaintiff as more fully set forth in Exh. A.

34, As an alternative to Counts I and II, plaintiff was eventually terminated on or about February 15, 2005 as a result of such retaliation.

35.     Defendant's actions are in direct violation of the participation and opposition clauses of Title VII, of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, as set forth in 42 U.S.C. § 2000e-3(a).

WHISEFORE, Plaintiff prays for the following relief:

a.     an order enjoining Defendant from engaging in further acts of discrimination against the Plaintiff pursuant to 28 U.S.C. §§ 2001, 2002, Fed.R.Civ.P.19 and 42 U.S.C. § 2000e-5(g);

b.     an order making the Plaintiff whole by awarding his front pay in an amount deemed appropriate by this Court, or alternatively ordering Defendant to reinstate Plaintiff to his former position or a position comparable thereto pursuant to 28 U.S.C. §§ 2001, 2002, Fed.R.Civ.P.19 and 42 U.S.C. § 2000e-5(g);

c.     an order awarding Plaintiff back pay (including fringe benefits) from the date of the discriminatory acts alleged through the date of trial pursuant to 42 U.S.C. § 2000e-5(g);

d.     an order awarding Plaintiff compensatory and/or punitive damages in an amount determined at trial, pursuant to 42 U.S.C. § 1981A;

e.     an order awarding Plaintiff prejudgment and post-judgment interest in an amount and at a rate to be determined at the time of trial pursuant to 28 U.S.C. § 1961;

f.     an order awarding Plaintiff all attorneys' fees, expert witness fees and costs of this action pursuant to 29 U.S.C. § 1920, Fed.R.Civ.P. 54(d), 42 U.S.C. § 2000e-5(k)(1) and 42 U.S.C. § 1988; and

    g.    an order awarding Plaintiff such other and further relief as this Court deems fit.

## COUNT IV

## RETALIATION FOR FILING A WORKERS COMPENSATION CLAIM UNDER THE ILLINOIS WORKERS COMPENSATION ACT

36. This court has the authority to exercise supplemental jurisdiction over any pendent state claims plaintiff may have pursuant to 28 U.S.C.S. § 1367(c) (3).

37. Plaintiff sustained a work-related injury on or about February 10, 2005, delivering, lifting and carrying liquid oxygen tanks and hospital beds.

38. He reported his injury to his supervisor, Riccardo Matta, on or about that day.

39. Defendant refused to honor the claim.

40. Thereafter, Defendant terminated Plaintiff on or about February 15, 2005.

41. Said termination is in direct violation of the Illinois Workers Compensation Act (the Act) which states in relevant part:

> It shall be unlawful for any employer, individually or through any insurance company or service or adjustment company to discharge or to threaten to discharge, or to refuse to rehire or recall to active service in a suitable capacity an employee because of the exercise of his or his rights or remedies granted by him or his by this Act.

820 ILCS 310/4(h).

42. In violation of these provisions, as an alternative to Counts I-III, Plaintiff alleges that Defendant terminated him five days after he sustained an on-the-job injury

because he attempted to exercise his rights under the Act, and receive medical care and temporary disability payments as a result thereof.

WHISEFORE, Plaintiff prays for the following relief:

a. an order making Plaintiff whole by reimbursing him for all lost wages and fringe benefits sustained during the period following his termination by Defendant through the date of trial.

b. grant Plaintiff an order awarding punitive damages to punish Defendant for violating his rights under the Act.

**Respectfully Submitted,
RAYMOND MOORE**

By: 

L. Steven Platt # 3122005
ARNOLD and KADJAN
19 W. Jackson, 3rd Flr.
Chicago IL 60604
(312) 236-0415

Equal Employment Opportunity Commission

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Raymond Moore<br>P.O. Box 1503<br>Oak Park, IL 60344 | From: Equal Employment Opportunity Commission<br>500 West Madison<br>Suite 2800<br>Chicago, Illinois 60661 |

Certified No.: 7001 0320 0005 9832 5690

[ ] *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 210-2006-01433 | Sarronda Harris, Investigator | (312) 886-9320 |

*(See the additional information attached to this form.)*

YOUR CHARGE IS DISMISSED FOR THE FOLLOWING REASON:

[ ] The facts you allege fail to state a claim under any of the statutes enforced by the Commission

[ ] Respondent employs less than the required number of employees.

[ ] Your charge was not timely filed with the Commission, *i.e.*, you waited too long after the date(s) of the discrimination you alleged to file your charge. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ] You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conferences, or or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your charge. You have had more than 30 days in which to respond to our final written request.

[ ] The Commission has made reasonable efforts to locate you and has been unable to do so. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ] The respondent has made a reasonable settlement offer which affords full relief for the harm you alleged. At least 30 days have expired since you received actual notice of this settlement offer.

[X] The Commission issues the following determination: Based upon the Commission's investigation, the Commission is unable to to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -

[X] **Title VII and/or the Americans with Disabilities Act:** This is your NOTICE OF RIGHT TO SUE, which terminates the Commission's processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. **If you decide to sue, you must sue WITHIN 90 DAYS** from your receipt of this Notice; otherwise your right to sue is lost.

[ ] **Age Discrimination in Employment Act:** This is your NOTICE OF DISMISSAL OR TERMINATION, which terminates processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. **If you decide to sue, you must sue WITHIN 90 DAYS** from your receipt of this Notice; otherwise your right to sue is lost.

[ ] **Equal Pay Act (EPA):** EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

On behalf of the Commission

November 28, 2006

John P. Rowe, District Director

Enclosures
  Information Sheets
  Copy of Charge
cc: Respondent(s)    Vital Products, Inc.

EXHIBIT A

# CHARGE OF DISCRIMINATION

CHARGE NUMBER 21D-2006-01433

Equal Employment Opportunity Commission

| NAME | Raymond Moore | HOME TELEPHONE 773 261 6467 |
|---|---|---|
| ADDRESS | P.O. Box 1503, Oak Park, IL 60344 | BIRTH DATE 9/18/66 |

NAMED IS THE EMPLOYER THAT DISCRIMINATED AGAINST ME:

| NAME Vital Products, Inc. | NUMBER OF EMPLOYEES 200+ | PHONE 866 317 4251 |
|---|---|---|
| ADDRESS 4332 N. California, Chicago, IL | | COUNTY Cook |

CAUSE OF DISCRIMINATION BASED ON:

| RACE OR COLOR X | RELIGION | NATIONAL ORIGIN | DATE DISCRIMINATION TOOK PLACE |
|---|---|---|---|
| SEX X | AGE | HANDICAP OR DISABILITY | |
| RETALIATION X | OTHER sexual harassment, hostile work environment based on gender (male on male) and race harasmnt | | CONTINUING ACTION February 16, 2005 |

RECEIVED EEOC DEC - 7 AM CHICAGO DISTRICT OFFICE

THE PARTICULARS ARE:

I. I was hired August 16, 2004. I am currently on a medical leave

II. I have been subjected to male on male sexual harassment at the hands Rick Cocking, Accounts Manager (supervisor) and by Ricardo "Ricky" Matta (my immediate supervisor) at respondent. I have also been subjected to race discrimination. When I rebuked the homosexual advances and complained of them, of the hostile work environment based on gender and of race discrimination, respondent retaliated against me by overloading my workload, and by giving me assignments in unfamiliar and challenging neighborhoods

III. I believe I have been sexually harassed as follows:

    A. I always did a good job. I received compliments on my work from my supervisor, my fellow employees, and my customers. My results were always among the best in my department.

    B. Over the course of my employment, in a continuing and on-going manner, I was subjected to a barrage of sexually offensive and unwelcome comments and advances by Rick Cocking, respondent's Accounts Manager and by Ricardo "Ricky" Matta, my immediate supervisor.

    C. Comments of a vulgar sexual nature and racial comments were made at me by both of these individuals on a daily basis. Examples include but are not limited to Cocking referring to me as a "boo," "sexy," "queen (as in Drag Queen), "sweety," "big boy," and "trade;" Cocking frequently made references to my body parts such as speculating about the size of male genitals because I was black, using the word "cock" when saying that African American males have large genitalia; Cocking brought to work and showed me a picture of a naked male sitting on a toilet with his hand massaging his penis; he also had on his desk a picture of him and the company owner, David Umbaugh, suggesting that they were gay lovers; he had pornography from 2004 and 2005 calendars and he showed them to me, displaying men and boys engaging in homosexual activity, having sex, kissing, fondling and groping eachother in a lewd manner.

    D. Cocking also physically abused me in that he would repeatedly brush up against me with his body, impeding and blocking my movements with his body in the

general office an[d] [a]t the copy machine as I would tr[y] [t]o exit the area

E. I was subjected to racial sexually derrogatory taunts and a hostile work environment based on race and gender at the hands of Ricardo Matta in that he often referred to me using terms like "nigger" "bitch ass" "dumb ass" and "punk ass"; he would belittle me and say things like "this is a computer, do you know how to use it?"; on another occasion he did the same thing referring to a hand drill; he often made references to my perceived sexual activity saying things like, "Ray don't get no pussy, he probably be playing with himself"; he otherwise treated me in a hostile manner based on race and sex in that he said, repeatedly that black people would always be considered "as niggers"; in conversations with another male employee, Che "Che" Bijarro, saying that Che's work was more competent than mine and that I was "slow" meaning slow mentally; because of the behavior of Matta, other managers such as Jareliz Suarez, the Dispatch Manager, were encouraged to also make derrogatory racist remarks to me and to demean me based on race; for example she started calling "a smart mouth ass nigger" and telling me that her brother was getting out of jail soon and she was going to have him "kick" my "ass"; in the same conversation she said that she couldn't "stand" my "black ass"; when two new employees were taken around for introductions by Suarez, she introduced them last to me, saying, "that thing over right there is Ray, but he's not important

F. Matta and Suarez engaged in sexually inappropriate behavior and created a hostile work environment based on gender in that one day they returned to work showing other male employees pornographic video tapes of women performing oral sex and sex acts

G. I complained of this behavior, the sexual harassment, the hostile work environment based on gender, the racial harassment and name calling to Cocking, repeatedly, asking him to stop. Not only did he not stop but he actually tried to intimidate me to stop me from lodging a complaint with higher up officials in the company; he then disparaged me to others in the workplace, referring to me as a "Mean Person" and "Mr. Attitude" a word that is often used when people are racially bigotted (that the person, the African American has a bad attitude); on another occasion when I did not get responses to my written complaints to Matta about this behavior, I asked Matta for a grievance form and he responded by saying "we don't have a formal grievance form, just write your complaint on a piece of paper and I'll see to it that Bill (Buzogani), the respondent's Operations Manager gets it; I complied with this but never got an answer to any of my complaints and respondent failed to take any action at all in response to them; on those occasions when Matta did respond to me about my complaints he said that I "should just go ahead and let him (Rick Cocking) bite you on the dick, I swear I won't tell"

H. As a direct and proximate cause thereof, I have suffered pecuniary loss and emotional distress the respondent should be forced to pay my attorney's fees and costs as provided by law and should be required to pay punitive damages for not taking any remedial steps at all in response to my complaints.

---

I SWEAR OR AFFIRM THAT I HAVE READ THIS CHARGE AND THAT IT IS TRUE TO THE BEST OF MY KNOWLEDGE INFORMATION, AND BELIEF.

X [signature]      12/5/05

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE

NOTARY PUBLIC [signature]

OFFICIAL SEAL
J. STEVEN PLATT
Notary Public - State of Illinois
My Commission Expires Jun 3, 2007