# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

RAYMOND MOORE, )
)
Plaintiff, )
) No. 07 C 0906
vs. ) Magistrate Judge Sidney I. Schenkier
)
VITAL PRODUCTS, INC., )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

On February 16, 2007, the plaintiff, Raymond Moore, filed a complaint alleging three counts of discrimination in violation of Title VII, 42 U.S.C. §2000e-5(g) *et seq.*, and one state law claim alleging a violation of the Illinois Workers Compensation Act, 820 ILCS 310/4(h). In a Memorandum Opinion and Order entered on February 4, 2009, the Court granted defendant summary judgment on all of plaintiff's claims (doc. # 104); on that same date, the Court entered judgment for defendant (doc. # 105).

We now consider defendant's bill of costs (doc. ## 124-125), filed on March 19, 2009 (after the Court granted defendant's unopposed motion for an extension of time in which to file its bill of costs (*see* doc. # 123). Defendant seeks costs in the amount of $3,355.75. Under a briefing schedule set by the Court on March 10, 2009, plaintiff was given an opportunity to respond to the bill of costs by April 2, 2009 (doc. # 123). As of the date of this Memorandum Opinion and Order, plaintiff has not responded to the bill of costs, and has not sought an extension of time in which to do so. Accordingly, plaintiff has waived any objection to the bill of costs. Even without a waiver, the Court finds that defendant's bill of costs should be awarded, but in a slightly reduced amount.

Under Federal Rule of Civil Procedure 54(d), there is a strong presumption that a prevailing party will recover its costs. *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). The burden is on the losing party to overcome that presumption, which generally can be accomplished only on a showing of the losing party's inability to pay or misconduct by the prevailing party that is worthy of penalty. *Id.* In this case, defendant obtained a judgment and thus is plainly the prevailing party; there is no evidence of plaintiff's inability to pay costs; and we find no misconduct by the defendant that would strip it of the right to recover costs.

Plaintiff seeks costs for service of summons and subpoena ($55.00), witness fees ($52.00), and deposition transcripts and attendance fees for court reporters at the depositions ($3,248.75). Each of those items of cost are within the categories set forth in 28 U.S.C. § 1920, and thus are categories of cost that a federal court may tax. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000).

Of course, the Court may tax those categories of costs only if, in a given case, they are "reasonable in amount and necessity." *McCabe v. City of Chicago*, 593 F. Supp, 665, 669 (N.D. Ill. 1984). In this case, defendant seeks costs in connection with eight depositions. The only deposition that defendant initiated was that of plaintiff, which it plainly was reasonable for defendant to take. The other depositions were initiated by plaintiff, and we find it was reasonable for defendant to obtain transcripts of those depositions. The costs sought for the transcripts are in line with the rates set by the Judicial Conference of the United States. Thus, we award in full the $3,248.75 sought for court reporting and transcription fees.

However, we decline to award costs for the service of summons and subpoena and witness fees for Pamela McMiller. Defendant has not explained why Ms. McMiller was subpoenaed (she is not among the deponents for whom defendant seeks court reporting and transcription fees). The

prevailing party has burden of proving that its costs are reasonable and necessary, and on this record, defendant has failed to do so. We therefore reduce defendant's bill of costs by $107.00, to eliminate the costs for service of summons and subpoena, as well as the witness fee, for Ms. McMiller.

Accordingly, we grant defendant's bill of costs (doc. ## 124-125) in the reduced amount of $3,248.75.

**ENTER:**

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**DATE: April 8, 2009**